UNITED STATES v. NINETEEN BALES AND SIXTEEN BUNDLES
OF RUGS.

(District Court, S. D. New York.   December 18, 1917.)

1. CUSTOMS DUTIES ⚙⇒133—FORFEITURE—PROCEEDINGS.
    Under Act June 22, 1874, c. 391, § 17, 18 Stat. 189 (Comp. St. 1916, §
10132), declaring that whenever, for an alleged violation of the customs
revenue laws, any person who shall be charged with having incurred any
fine, penalty, forfeiture, or disability other than imprisonment, or shall
be interested in any vessel or merchandise seized, when the appraised
value of such vessel or merchandise is not less than $1,000, shall present
his petition to the judge of the district in which the alleged forfeiture
occurred, etc., setting forth the facts of the case and praying for relief,
such judge shall, if the case in his judgment requires, proceed to inquire
in a summary manner into the circumstances of the case, a decision in a
summary proceeding thereunder that there was no fraud in connection
with the importation of merchandise is not a binding adjudication, pre-
venting the subsequent maintenance of a libel to forfeit the merchandise;
the purpose of the summary proceeding being merely to secure clemency
of the Treasury Department, whose power to remit forfeitures is purely
administrative.

2. CUSTOMS DUTIES ⚙⇒125—IMPORTATION—VALUE.
    Under Act Oct. 3, 1913, c. 16, § III, par. "I," 38 Stat. 184 (Comp. St.
1916. § 5527), declaring that the owner, consignee, or agent of any im-
ported merchandise may "at the time when he shall make entry of such
merchandise * * * make such addition in the entry to, or such deduc-
tion from, the cost or value given in the invoice * * * as in his opin-
ion may raise or lower the same to the actual market value or whole-
sale price of such merchandise at the time of exportation to the United
States in the principal markets of the country from which the same has
been imported," where the consignee, at the time of entry and before
examination, raised the value of merchandise to correspond with the mar-
ket value in the country from which it was imported, the step will pre-
vent forfeiture for undervaluation; the consignee having the legal title,
even though fraud was attempted by the consignor.

In Admiralty.   Libel by the United States against Nineteen Bales
and Sixteen Bundles of Rugs.   Claim by the Beloochistan Rug Weaving
Company.   On motion for release of merchandise upon the pleadings.
Libel dismissed as to certain items, and merchandise released; but, as
to others, motion denied.

Francis G. Caffey, U. S. Atty., of New York City (Harold Harper,
of New York City, of counsel), for the United States.
Barber, Watson & Gibboney, of New York City, for claimant.

AUGUSTUS N. HAND, District Judge.   The United States brought
this action to forfeit certain rugs for fraudulent entry.   The rugs
were consigned by one Maller, in India, to the Beloochistan Rug Weav-
ing Company, the claimant.   The first group of rugs, 1 and 2, are
sought to be forfeited for an attempted fraudulent entry by consignor
and consignee, and the second group of rugs, 3 to 6, for an attempted
fraudulent entry by the consignor.

There are two defenses:   First. That Judge Manton, in a summary
proceeding had before him, has already decided that there was no such

⚙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fraud in either case. Second. That in the second group, items 3 to 6, if there was any fraud attempted by the consignor, the consignee, who had the legal title, corrected the undervaluation and made a truthful entry.

The claimant moves for a release of the merchandise upon the pleadings.

[1] The summary proceeding I have referred to was held pursuant to section 17 of the act of June 22, 1874, which reads as follows:

"Whenever, for an alleged violation of the customs revenue laws, any person who shall be charged with having incurred any fine, penalty, forfeiture, or disability other than imprisonment, or shall be interested in any vessel or merchandise seized or subject to seizure, when the appraised value of such vessel or merchandise is not less than one thousand dollars, shall present his petition to the judge of the district in which the alleged violation occurred, or in which the property is situated, setting forth, truly and particularly, the facts and circumstances of the case, and praying for relief, such judge shall, if the case, in his judgment, requires, proceed to inquire, in a summary manner into the circumstances of the case, at such reasonable time as may be fixed by him for that purpose, of which the district attorney and the collector shall be notified by the petitioner, in order that they may attend and show cause why the petition should be refused."

The Supreme Court in Dorsheimer v. United States, 7 Wall. 166, 19 L. Ed. 187, held that the power of the Secretary of the Treasury under the act of March 3, 1797, c. 13, § 1, 1 Stat. 506 (Comp. St. 1916, § 10130), to remit forfeitures was not a judicial, but a purely administrative function. In The Cotton Planter, Fed. Cas. No. 3,270, the Secretary refused to remit the penalty after an adjudication of forfeiture, though there were favorable findings by the court upon a summary proceeding brought under the act of 1797. The court held this did not prevent the court from reviewing the validity of the original adjudication. The claimant urges that this case is not in point, because the summary proceeding followed a judicial adjudication upon a libel for forfeiture. I think it clear, however, that the whole object of the proceeding under section 17, supra, is to secure the clemency of the Treasury Department, though it incidentally involves a recovery of possession of the libeled merchandise. It involves in no sense a judicial act, and consequently the findings are in no sense res adjudicata, and the present libel can, so far as Judge Manton's findings go, still be maintained.

[2] As for the second point urged, I think the case of United States v. One Case, No. 1577, 234 Fed. 856, 148 C. C. A. 454, is conclusive. At the time of entry, and before examination of items 3 to 6 of the importation by the appraiser, the value was raised by the consignee to correspond with the market value in the country from which they were imported, pursuant to section III of paragraph I of the act of October 3, 1913. This step taken by the consignee and owner distinguishes the case from United States v. Twenty-Five Packages of Panama Hats, 231 U. S. 358, 34 Sup. Ct. 63, 58 L. Ed. 267 (see, for report in court below, 195 Fed. 438, 115 C. C. A. 340), for in that case there was nothing before the court but a fraudulent invoice by the shipper, without any attempt on the part of any one to correct it before entry. I find no evidence in the language of the present statute that the owner

who corrects the valuation at the time of entry must be the consignor. I think the section covers any owner, whether consignor or consignee. It reads thus:

"That the owner, consignee, or agent of any imported merchandise may, at the time when he shall make entry of such merchandise, * * * make such addition in the entry to, or such deduction from, the cost or value given in the invoice * * * as in his opinion may raise or lower the same to the actual market value or wholesale price of such merchandise at the time of exportation to the United States in the principal markets of the country from which the same has been imported."

As there is no fraudulent entry in respect to group 2, items 3 to 6, the libel should be dismissed as to these rugs, and the merchandise released; but the motion must be denied, and the cause proceed to final decree, as to the remainder of the libeled goods.