## UNITED STATES v. MOSSEW.

(District Court, N. D. New York. October 12, 1920.)

1. Fines &#8505;18—Under Lever Act not remitted summarily.

Comp. St. § 10130, as to remission of fines on summary investigation before District Judge, does not authorize him to recommend remission of a fine by the Secretary of the Treasury for violation of National Defense Act Aug. 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛l–3115⅛r).

2. Fines &#8505;18—Not remitted summarily by District Court, sitting as Court of Claims.

The concurrent jurisdiction with the Court of Claims given by Comp. St. § 991(20), does not authorize the District Court to sit as a Court of Claims to remit a fine imposed under National Defense Act Aug. 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛l–3115⅛r), where the claimant has not complied with the formal statutory provisions as to suing in the Court of Claims, but has merely presented a petition asking the court to act summarily.

Criminal prosecution by the United States against Joseph Mossew. On application for refunding of a fine. Order denied.

See, also, 261 Fed. 999; 266 Fed. 18.

Mangan & Mangan, of Binghamton, N. Y., for petitioner.

Dennis B. Lucey, U. S. Atty., of Ogdensburg, N. Y.

COOPER, District Judge. This is an application by Joseph Mossew for the refunding of a fine of $500, paid by Mossew upon pleading guilty in August, 1919, to an indictment containing three counts, charging him with a violation of the National Defense Act (40 Stat. 273, c. 53, approved August 10, 1917 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛l–3115⅛r]). On the 28th day of June, 1920, the indictment was quashed, and he now seeks to recover the amount of the fine.

The petitioner, Joseph Mossew, asks that this court, in a summary manner, certify and transmit the petition and facts to the Secretary of the Treasury, and have him remit the fine, under authority of section

9636 of the Barnes Code (Comp. St. § 10130), or that the court sit as a Court of Claims under the jurisdiction conferred by section 785, subd. 20, Barnes Code (Comp. St. § 991 [20]), giving the District Court concurrent jurisdiction in all cases where such claim does not exceed $1,000.

[1] Section 9636 of the Barnes Code was not meant to cover this class of cases. That section sets out:

"Whenever any person who shall have incurred any fine, penalty, or forfeiture, or disability, or may be interested in any vessel or merchandise which has become subject to any seizure, forfeiture, or disability by authority of any provisions of law for imposing or collecting any dues or taxes, or relating to the registering, recording, enrolling, or licensing vessels * * * shall prefer his petition to the judge of the district in which such fine * * * has accrued, in truly * * * setting forth the circumstances, * * * the judge shall inquire, in a summary manner, into the circumstances of the case, first causing reasonable notice to be given to the person claiming such fine * * * and to the attorney of the United States, * * * that each may have an opportunity of showing cause against the mitigation or remission thereof, and shall cause the facts appearing upon said inquiry to be stated and annexed to the petition, and direct their transmission to the Secretary of the Treasury."

This section is liable to erroneous construction by reason of defection punctuation. It may be understood to mean "any person who shall have incurred any fine, penalty, or forfeiture, or disability," or (who) "may be interested in any vessel or merchandise which has become subject to any seizure, forfeiture, or disability," thus providing for two distinct classes of cases. By reference to the original act (1 Stat. 506 [Comp. St. § 10130]), it will be seen by the title that "any person" and "any fine, penalty," etc., is limited to the certain cases therein numerated. 20 Op. Atty. Gen. 705.

The power intrusted by the acts to the Secretary of the Treasury to remit penalties is one for the exercise of his discretion, and admits of no appeal to the Court of Claims or to any other court. Dorsheimer v. United States, 7 Wall. 166, 19 L. Ed. 187. In an analogous situation it was held that the Secretary is not authorized under this title to remit a fine or penalty incurred for violation of the alien immigration laws. 20 Op. Atty. Gen. 705.

This section is not applicable to proceedings to recover all fines. The Margaretta, Fed. Cas. No. 9,027. As this section is not applicable to the remissions of a fine in the case at bar, the court has no authority to order the.Secretary of the Treasury to make remission of the penalty incurred.

[2]. Petitioner then asks that the court sit as a Court of Claims and remit the fine imposed. While it is true that the District Court has jurisdiction with the Court of Claims in amounts up to $1,000, it is equally true that the United States government in its sovereign capacity cannot be sued, unless by consent of the sovereign. In order for the claimant to bring his cause properly before the court, he must comply with the formal statutory provisions relative to bringing suits in the Court of Claims. In this case the petitioner has merely presented a petition, and has asked the court to act in a summary manner. This

it has no authority to do, and until such time as he complies with the requirements essential to enable him to sue the sovereign government he is without redress.

The order is therefore denied, but without costs.