Mr. Justice GRIER
 

 delivered the opinion of the court,, and having quoted the act of Marph 8d, 1797, and the 179th section of that of June 3d, 1864, as amended in the act of March 3d, 1865, all, as already given in the statement of the ' ease,
 
 *
 
 proceeded as follows:
 

 The purpose of penalties inflicted upon persons who attempt to defraud the revenue, is to enforce the collection of duties and taxes. They act
 
 in terrorem
 
 upon parties whose conscientious scruples are not sufficient to balance their hopes of profit. The offer of a portion of such penalties to the collectors is to stimulate and reward ,their zeal and industry in detecting fraudulent attempts to evade the payment of duties and taxes.
 

 As the great obj eet'of the act “ to provide internal revenue ” is to collect the tax, the Secretary of the Treasury Has no powér to remit
 
 it.
 
 When the primary object of collecting the tax is obtained, as in the present case, the further infliction of penalties, is submitted entirely to the discretion of the secretary. No discretion is given to:the courts to act in the case further than to give their judgment; and if the penalties are not mitigated or rémitted by the secretary, either ■before or after judgment, to enforce them by proper process.
 

 The subject has been carefully examined by this court ir.
 
 *174
 
 the ease of
 
 United States
 
 v. Morris,
 
 *
 
 where it is decided “that .the Secretary of the Treasury has authority, under the remission act of March- 3d, 1797, to remit a forfeiture or penalty accruing under the revenue laws at any time,
 
 before or .after judgment,
 
 for the -penalty, until the money is actually . paid over to the collector,” and that “ such remission extends .to-the shares of the forfeiture or penalty to which the officers of the customs are entitled, as well as to the-interests of the 'United States.”
 

 ■ The court say that, “Tt is not denied but that the custom-' house officers have an inchoate interest upon the seizure; and it is admitted that, this may be defeated by a remission at any time
 
 before
 
 condemnation. If their interest before condemnation is conditional, and subject, to the power of remission, the judgment of condemnation cán have no other effect than to fix and determine that - interest as against the claimant. These officers', although they ma,y be considered parties in interest, are not parties on the record', and it cannot b'e said with propriety, that they have .a vested right in the sense in which the law considers such rights. Their interest is still conditional, and the Condemnation only ascertains and determines the fact on which the right is consummated,.should no remission take place.”- The. right does not become fixed until the/receipt of the money by the col lector.
 

 If these well-settled principles be applied to the case before us, its solution is easy.
 

 It was the first duty- of the .collector to collect the amount of duties or taxes on the property seized. The secretary had no right to’mitigate, remit, or compromise that amount. Persons who had advanced money on the property in good faith offer the whole, amount of the tax due, and finally agreed, to pay the sum of $25,000 to have the penalties remitted! This offer was accepted, and the further- prosecution of the suits was consequently ended.
 

 The power intrusted by law to the secretary was- not a
 
 *175
 
 judicial one, but one-of
 
 mercy,
 
 to mitigate the severity óf the law. It admitted of no* appeal to the Court'of Claims," or to any other court. It was the exercise of his diseretión in a matter intrusted to him alone, and from which there could be no appeal. Even if wTe were called upon to review the acts of the secretary, we see no reason to doubt their, correctness, or that of the judgment of the Court of Claims in dismissing the case.
 

 Decree aeeirmed.
 

 The CHIEF JUSTICE and Mr. Justice NELSON dissented.
 

 *
 

 Supra,
 
 pp. 166-7.
 

 *
 

 10 Wheaton, 246, 287.