MACHECA and others *v.* UNITED STATES.[1]

*(Circuit Court, E. D. Louisiana.* January 16, 1886.)

1. APPELLATE JURISDICTION OF CIRCUIT COURT AT LAW.

The jurisdiction of the circuit court on writ of error from the district court, in cases at law, extends no further than to pass upon such error as may appear by the record, and when there are no bills of exception to show any ruling of the court below prejudicial to the plaintiff in error, nor assignments of error pointing out any of the proceedings in the court below as injurious to the plaintiff in error, and when the counsel point out no error, and this court sees none on inspection of the record, it conclusively follows that the writ of error should be dismissed, and the judgment of the district court affirmed.

2. SAME—CIRCUIT COURT NO POWER TO REVISE DISCRETION OF SECRETARY OF THE TREASURY TO REMIT PENALTIES.

The discretion vested by law in the secretary of the treasury to remit penalties, in cases where he may be satisfied no willful negligence nor fraudulent intent exists, cannot be revised or controlled by the courts.

On Motion to Dismiss.

*W. S. Benedict,* for plaintiff in error.

*Charles Parlange,* U. S. Atty., for the United States.

PARDEE, J. The facts of the case are set out in brief of plaintiff in error as follows: On the eighteenth of May, 1883, the government claimed from the defendants $1,255 on the following cause of action: On the thirteenth of February, 1882, defendants imported from Palermo, Italy, 3,064 packages of oranges and lemons, subject to the payment of a duty of 20 per cent. The entry was not accompanied by any certificate or consular invoice. The goods were delivered on a *pro forma* invoice, with bond given to furnish consular invoice within six months. Defendants deposited the import duty, es-

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

timated at $1,175.40. The bonds amounted to $1,700, and were duly signed, and dated eighteenth of February, 1882. The duties amounted to $2,230.44, leaving a balance due of $1,255. The bond was forfeited, as the consular invoice was not furnished within the delay prescribed, whereby the penalty has attached. The conditions of the bonds are that defendants "shall and do, within six months from the date thereof, produce to the collector, for the time being, for the district of New Orleans, a duly-authenticated invoice of said goods, wares, and merchandise, and shall pay to the said collector the amount of duties on the appraisement of said goods, wares, and merchandise."

Defendants answer, by the general issue, and (1) that they made the bonds; (2) that they produced, within the legal delay, an authenticated invoice of said goods, the duty on the importation being properly paid; (3) that a clerical error in said invoice appeared, in not stating "that all of said merchandise was free on board, all charges included;" (4) that an additional authenticated invoice became requisite to correct said error, and was furnished by the consul to collector of customs, who declined to cancel the bond of respondents; (5) that the error occurred in the omission of the word "ditto," or words indicating the same, from their proper position on the invoice; (6) that there was no intention on the part of respondent to evade the payment of any duty.

The invoice referred to 3,061 packages of fruit, shipped on the steam-ship Peconic, which sailed on January 18, 1882, and shows the value to be, "all charges included," 14,751.80 liras. The same was sworn to by the shipper, and certified by the consul, and that the value of a lira is 19 3-10 cents. Upon these issues, the case coming on for trial, the court directed a verdict for the government, but ordered the entry of judgment to be deferred, to enable defendants to apply to the secretary of the treasury for remission. The petition for a remission was filed, and the judge made the following statement of facts:

"I make, as the statement of facts in this case, the foregoing statement of the petitioners, with the exception of the statement as to the second invoice. As to that, the fact, as appeared on the trial of the case, was that a first defective invoice was furnished by some error. The second invoice, designed to correct the error, was but a copy of the first. The third invoice was the one which was correct, and I am satisfied that it was an error of the clerk who made out the second, that he omitted the marks showing that all the items were not free on board. The second invoice was still defective, and the third invoice was correct, but received by the customs officers after the time prescribed by the statute. I am satisfied that the error was a technical, and not an intentional, mistake."

The secretary having declined to interfere, a motion was made on November 21, 1884, to enter the judgment, which was thereupon entered.

A rule for a new trial was taken, and was overruled, but with an order to stay proceedings upon said judgment for four months, to en-

able defendants to make another application to the secretary for a remission. The second application was made, and was recommended to be granted by the United States attorney in the following words:

"I recommended that the original petition for remission be granted, and for reasons then given I again recommend that the prayer of the above application be granted."

And by the judge, as follows:

"I find the facts of the case, as they appeared on the trial, to be correctly stated in the foregoing petition, and in the original petition for remission these facts were succinctly as follows: Goods were imported, some of which were not dutiable. Invoices for the goods contained this error, *i. e.*, they omitted to place a 'ditto' after some of the items in the invoices. Time, to the extent of the statutory permission, was given the importers to obtain corrected invoices. By mistake the uncorrected invoices were forwarded and received, and presented to the collector. Efforts were immediately made by the importers to obtain corrected invoices, which were successful, but after the time allotted by the statute had expired. The question submitted by the case to the honorable secretary of the treasury is whether there shall be a remission in a case where there was no intention to defraud, and where the embarrassment came from a clerical error in the invoice originally presented; where effort was honestly made to produce corrected and proper invoices, which was not till after the termination of the delay allowed by the statute, though a few days after that termination the proper invoice was obtained and presented."

On February 20, 1885, a motion was made to revoke the order staying execution, and another order was granted on March 17, 1885, staying proceedings until the delay of four months from January 7, 1885, elapsed. The secretary again declining to interfere, an appeal was taken, and allowed, and a writ of error granted, writ served, citation issued, and bond given.

The district attorney for the United States has filed a motion to dismiss the appeal, because no bond was given, and because, the suit being one at law, no appeal would lie; and he also moves to dismiss the writ of error, because there are no bills of exception nor assignments of error accompanying the same. The plaintiff in error makes no pretense that there is any appeal before the court, but does insist on his writ of error, and submits the case to the court on the facts as though the case were on appeal. The whole merits of the case are argued as though the court on writ of error could inquire into them and give relief. The jurisdiction of the court, however, extends no further than to pass upon such error as may appear by the record; and as there are no bills of exception to show any ruling of the court below prejudicial to the plaintiff in error, nor assignments of error pointing out any part of the proceedings in the court below as injurious to the plaintiff in error, and as the counsel point out no error, and this court sees none on inspection of the record, it conclusively follows that the writ of error should be dismissed, and the judgment of the district court affirmed. See *Kerr* v. *Clampitt,* 95 U. S. 188.

The theory of the plaintiff in error that the discretion vested by law

in the honorable secretary of the treasury to remit penalties, in cases where he may be satisfied no willful negligence nor fraudulent intent exists, can be revised or controlled by the courts, is wholly untenable. See *Walker* v. *Smith*, 21 How. 579; *Dorsheimer* v. *U. S.*, 7 Wall. 166.

Judgment affirmed.