UNITED STATES ex rel. WALTER E. HELLER & CO. v. MELLON, Secretary of the Treasury.

No. 5113.

Court of Appeals of District of Columbia.

Argued March 3, 1920.

Decided April 7, 1930.

—.

Nathan B. Williams, of Washington, D. C., for appellant.

Leo A. Rover, Wm. A. Gallagher, and Thos. J. McKenna, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and GORDON, Associate Justice of the Supreme Court of the District of Columbia.

MARTIN, Chief Justice.

An appeal from a judgment entered against the petitioner below; now the appellant, upon the facts set out in the petition.

It appears that on October 26, 1928, one Julian Gradou purchased a certain automobile at a price of $1,528.20, paying part cash, and executing a conditional sales contract to secure the payment of the residue upon the deferred payment plan; and that on the same day the conditional sales contract was duly assigned to the petitioner, Walter E. Heller & Company. Several months later the automobile was seized by United States customs officers at Detroit for violation of the federal customs laws. The legality of this seizure is not questioned or contested in this case.

The company, however, presented to the Secretary of the Treasury a petition with supporting evidence, alleging that, at the time when it purchased the lien upon the automobile, it made a careful investigation as to the character, reputation, business, financial standing, and general competency of the purchaser, and the inquiry disclosed no facts which might reasonably excite any suspicion that the vehicle might be used in any unlawful activities; alleging also that the company was without fault or negligence in the matter, and had no knowledge or suspicion of the illegal use to which the vehicle had been put by the purchaser, and did not consent to or concur in such use, and that it is admittedly free from any suspicion of an intention to defraud the revenue or violate the laws. The company alleged that by reason of defaults in payment, and likewise by reason of the illegal use of the automobile, the company was entitled to repossess it, according to the terms of its contract. It therefore prayed for a remission of the forfeiture of the automobile, or for such other relief as might be found due to it under the circumstances.

The petition together with the evidence filed therewith was considered by the Customs Bureau and was denied, and the company was notified to that effect by the Acting Commissioner of Customs. Two similar petitions were afterwards presented by the company to the Secretary of the Treasury, both of which were denied. Notice thereof was sent to the company by the Secretary in the following words: "In accordance with your request, the record and the decisions in this case have been carefully reviewed. I am not satisfied that the petitioning company has established the propriety of the relief petitioned for, and accordingly the adverse decisions above referred to are approved." The automobile was declared summarily forfeited, and was delivered over for government use.

The company then filed its petition in the present case in the lower court against the Secretary of the Treasury as respondent, setting out its claims of fact and law as aforesaid, and praying for a writ of mandamus to require the Secretary to return the automobile to the petitioner. It was stipulated by the parties that the facts set out in the petition were to be taken as true, and that the court should pass upon the case accordingly. Upon a consideration whereof the court entered judgment dismissing the petition, from which decision this appeal was taken.

We are of the opinion that the ruling of the lower court was right, upon the ground that mandamus will not lie to control the discretionary action of the Secretary of the Treasury in this case.

The petition for a remission of the forfeiture was based upon section 618 of the Tariff Act of 1922, 42 Stat. 987; U. S. Code, tit. 19, § 532 (19 USCA § 532), which reads as follows: "Whenever any person interested in any vessel, vehicle, merchandise, or baggage seized under the provisions of this title, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury if under the customs laws, and with the Secretary of Commerce if under the navigation laws, before the sale of such vessel, vehicle, merchandise, or baggage a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, or the Secretary of Commerce, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and

conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto. In order to enable him to ascertain the facts, the Secretary of the Treasury may issue a commission to any special agent, collector, member of the Board of United States General Appraisers, or United States commissioner, to take testimony upon such petition. Nothing in this section shall be construed to deprive any person of an award of compensation made before the filing of such petition."

By the provisions of this section, if the Secretary finds that the forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission thereof, he may remit the same upon such terms and conditions as he deems reasonable and just; and, in order to enable him to ascertain the facts, the Secretary may issue a commission to any of certain specified officials to take testimony upon the petition. The law thus requires the Secretary to hear the evidence relating to the forfeiture, and to find the facts concerning the petitioner's conduct in the transaction, and also to exercise his discretion if he finds mitigating circumstances in the case, and in proper case to remit the forfeiture or mitigate the same upon such terms and conditions as he deems reasonable and just. His duty accordingly is plainly not ministerial only. In the present case the Secretary exercised this jurisdiction, and found adversely to the petitioner's claims upon the facts, and the record does not indicate that his action was arbitrary.

■ "Mandamus issues to compel an officer to perform a purely ministerial duty. It cannot be used to compel or control a duty in the discharge of which by law he is given discretion." Work v. Rives, 267 U. S. 175, 177, 45 S. Ct. 252, 69 L. Ed. 561.

It has been held with authority that such a decision as that made by the Secretary in this case is conclusive and cannot be controlled by the courts. "In short, it may be laid down as a general rule, that, where a particular authority is confided to a public officer, to be exercised by him in his discretion upon an examination of the facts, of which he is made the appropriate judge, his decision upon these facts is, in the absence of any controlling provisions, absolutely conclusive as to the existence of those facts." Mr. Justice Story, in Allen v. Blunt, Fed. Cas. No. 216.

In the Riverside Oil Co. v. Hitchcock, 190 U. S. 324, 23 S. Ct. 698, 702, 47 L. Ed. 1074, the court, speaking of a decision of the Secretary of the Interior, said:

"Whether he decided right or wrong, is not the question. Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction."

"The discretion vested by law in the secretary of the treasury to remit penalties, in cases, where he may be satisfied no willful negligence nor fraudulent intent exists, cannot be revised or controlled by the courts." Macheca v. United States (C. C.) 26 F. 845.

See Dorsheimer v. United States, 7 Wall. 166, 19 L. Ed. 187; Commercial Solvents Corporation v. Mellon, Secretary of the Treasury, 51 App. D. C. 146, 277 F. 548.

■ The authorities also sustain the conclusion that the seizure of the automobile involved in this case, the forfeiture thereof, and the subsequent use thereof by the government, do not violate any constitutional rights of the petitioning company. The sections of the Revised Statutes, under which the seizure and the forfeiture herein were effected, are found in the United States Code, tit. 19, §§ 482, 483 (19 USCA §§ 482, 483). Under these sections it is established law that the innocence and good faith of the owner of a vehicle seized as in the present case, for violation of the Revenue Law, furnish no defense against the seizure and forfeiture of such vehicle. Goldsmith, Jr.-Grant Company v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376.

The decision appealed from is accordingly affirmed, with costs.