## GENERAL FINANCE CO. OF LOUISIANA, Inc., v. UNITED STATES.

### No. 5873.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1930.

J. T. Prowell, of New Orleans, La. (Nathan B. Williams, of Washington, D. C., and Prowell, McBride & Ray, of New Orleans, La., on the brief), for appellant.

Edmond E. Talbot, U. S. Atty., and William H. Norman, Asst. U. S. Atty., both of New Orleans, La.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

The United States filed a libel to condemn and forfeit a Ford truck seized under the provisions of section 3453, Rev. St. (26 USCA § 1185). The libel substantially alleged that one Joe Hudley and others were illegally carrying on the business of distiller and defrauding the United States of the tax on the distilled spirits manufactured by them; that the truck was found on the premises and within the inclosure where the illegal still was being operated, together with certain raw materials such as mash, etc., and a quantity of alcohol, in the custody of the said Joe Hudley and another named person.

Appellant filed an answer, coupled with an intervention, and asserted a lien on the truck for the unpaid portion of the purchase price amounting to $600.73, alleging its innocence and want of knowledge in connection with any illegal act of the purchaser, Joe Hudley. The intervention also alleged that appellant had petitioned the Secretary of the Treasury for relief from the seizure of the automobile and its impending forfeiture under the provisions of section 709, Revenue Act of 1928 (26 USCA § 2709) and T. D. 35, dated July 12, 1928, but was denied relief by the Secretary. The prayer was for a reversal of the ruling of the Secretary and for recognition of appellant's lien on the truck in preference to the United States.

The United States moved to dismiss the intervention on the ground that the court was without jurisdiction to review the action of the Secretary of the Treasury, and the motion was granted. The case was then tried to a jury, and a verdict in favor of the United States was directed.

■ By section 618 of the Tariff Act of 1922 (19 USCA § 532), the Secretary of the Treasury is authorized to remit or mitigate any penalty sought to be enforced against any vessel, vehicle, merchandise, or baggage seized under the provisions of the act, if he finds the penalty or forfeiture was incurred without willful negligence or intention to defraud the revenue or violate the law on the part of the person interested in the seized article or finds the existence of such mitigating circumstances as to justify the remission or mitigation of the fine, penalty, or forfeiture. The provisions of said section 618 are extended to forfeitures incurred under the internal revenue laws by section 709 of the Revenue Act of 1928 (26 USCA § 2709). However, nowhere in the law does it appear that a District Court of the United States has jurisdiction to review the action of the Secretary or to say that he has been guilty of an abuse of discretion in passing on the application for remission. There was therefore no error in dismissing the intervention so far as it sought such relief.

■ It is contended by appellant that the forfeiture of the motortruck without recognition of its valid lien deprives it of its property without due process of law, in violation of the Fifth Amendment of the Constitution of the United States. This contention has been so repeatedly held to be without merit when property is sought to be forfeited under the provisions of the revenue laws that extended discussion of the question is unnecessary. Dobbins' Distillery v. U. S., 96 U. S. 395, 24 L. Ed. 637; Goldsmith, Jr.-Grant Co. v. U. S., 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; U. S. v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

The libel shows a case under the provisions of section 3453, Rev. St. (26 USCA § 1185), which makes forfeitable any personal property found upon the premises or within the inclosure where distilled liquor is being manufactured for the purpose of defrauding the United States of the tax imposed thereon. It was not alleged that the vehicle was being used for the transportation of the illegal liquor nor that it was being used as a place of storage. As seizure was not made under authority of either section 3450, Rev. St. (26 USCA §§ 1181, 1182), or section 26 of title 2 of the National Prohibition Act (27 USCA § 40) the case of Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, has no application.

■ Appellant assigns error to the direction of a verdict for the United States. The bill of exceptions shows that appellant objected thereto and reserved a bill, but none of the evidence offered in support of the libel is brought up in the record, either in the bill of exceptions or otherwise, and we must assume that it supported the action of the court in directing the verdict. Wiggins v. Burkham, 10 Wall. 129, 19 L. Ed. 884.

The record presents no reversible error.

Affirmed.