## LUCHS v. UNITED STATES.
### No. K—526.

Court of Claims.
March 5, 1934.

Alexander F. Prescott, Jr., of Washington, D. C. (Lyon & Lyon, of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Elizabeth B. Davis, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This is a suit to recover certain income taxes and surtaxes paid by plaintiff for the calendar year 1921. The amount in controversy was paid by plaintiff as a result of his having included in his return of income his ratable share of the undistributed profits of the Washington School of Art, a corporation, of which he was a stockholder, owning all but three shares. He made this return upon the assumption that this corporation was what is recognized in section 218 (e) of the Revenue Act of 1918 as a personal service corporation which for taxation purposes is treated as a partnership. (40 Stat. 1070.)

The plaintiff paid the taxes in quarterly installments, the last of which was paid December 11, 1922.

The Washington School of Art filed a "Partnership and Personal Service Corporation Return of Income" on July 6, 1921, for the fiscal year ended April 30, 1921, showing a total net income of $29,724.12. Ninety-seven per centum of this amount was reported by plaintiff in his return.

Subsequently the Commissioner of Internal Revenue held that the Washington School of Art was not a personal service corporation and accordingly assessed against it taxes for the fiscal year ended April 30, 1921, pursuant to the provisions of the law relating to ordinary corporations. An appeal was taken to the Board of Tax Appeals by the Washington School of Art and on January 7, 1929, the decision of the Board sustained the ruling of the Commissioner. The time for an appeal having expired, the Commissioner assessed the taxes together with interest. An offer in compromise was made by the Washington School of Art to settle its tax liabilities for the years 1921 and 1922 and this

compromise was duly accepted by the Commissioner, and the terms of the statute in relation to compromise settlement were strictly carried out.

Before the appeal was taken to the Board of Tax Appeals, the plaintiff filed on January 30, 1926, a claim for refund on account of the decision of the Commissioner changing the taxable status of the corporation and himself on the sums received by him during the calendar year 1921 from the School of Art. This claim for refund was listed on "Schedule of Rejected Claims," which was signed December 8, 1927. However, before this claim was rejected the plaintiff had received a letter from the Bureau in which he was assured that, should the Board not sustain his appeal, he would be at liberty to make application for a reopening of his claim, and the Commissioner assigned as the reason for the rejection of his claim at that time that the tax due by the corporation was still unpaid and that under section 1210 of the Revenue Act of 1926 (26 USCA § 1065a) payment of the tax is required before a refund can be made to a stockholder.

After the compromise settlement of the corporation's tax had been effected, the plaintiff requested the Commissioner to reopen his refund claim but no action by the Commissioner on the request appears in the record.

The facts in the case are not disputed. The defendant's defense to the action is that section 1210 of the 1926 act was not fully complied with in that there was a compromise settlement of the corporation's taxes and a compromise settlement was not contemplated by the terms of the statute. Section 1210 reads:

"Any individual who has paid a tax (in accordance with section 218 of the Revenue Act of 1918 or section 218 of the Revenue Act of 1921) as a stockholder of a personal service corporation shall be entitled to a credit or refund, in the manner provided in section 284 [section 1065 of this title], if (a) such corporation has been finally determined not to be a personal service corporation, and (b) such corporation has paid the tax imposed by Title II of the Revenue Act of 1918 or Title II of the Revenue Act of 1921, as the case may be, and (c) claim therefor is filed within one year after the enactment of this act [February 26, 1926], or before the expiration of the period of limitations upon the filing of such claim, whichever is the later." (44 Stat. 130.) It is admitted a seasonable claim for refund was filed.

As we view this case the only question to be decided is whether the statute has been fully complied with and that depends on what effect is to be given to the compromise settlement made with the corporation by the Commissioner.

Under section 158 of title 26 of the U. S. Code, 26 USCA § 158 (formerly section 3229 of the Revised Statutes), the Commissioner is given full discretionary power to compromise, with the advice and consent of the Secretary of the Treasury, any case arising under the internal revenue laws.

The defendant contends that because the government has not received the full tax, but only a portion thereof, by way of compromise, the corporation has not complied with that part of the statute which requires the tax of the corporation to be paid before a refund can be made to the individual. The amount acceptable in compromise is solely within the discretion of the Commissioner with the consent of the Secretary of the Treasury and, when the compromise settlement is made, the liability for the tax is discharged. The government can never recover any more, therefore the tax is paid so far as the defendant is concerned. As a matter of fact, the record discloses that the government received the full tax and part of the interest in the compromise settlement. The compromise settlement paid the tax of the corporation, and therefore all the requirements of section 1210 were fully performed.

The defendant cites the case of Haight v. United States (C. C. A.) 22 F.(2d) 367, as holding the full tax must be paid. The facts in the Haight Case and the instant case are entirely different on the essential point. In the Haight Case the corporation paid no tax at all. The corporation was in bankruptcy. The government lost the entire tax from the corporation, which probably could have been collected, had not Haight in the first instance claimed that it was a personal service corporation. In the instant case the government has received from the corporation a settlement of its tax liability. A compromise settlement by the Commissioner under the terms of the statute is not reviewable. Dorsheimer v. United States, 2 Ct. Cl. 103, affirmed 7 Wall. 166, 19 L. Ed. 187; Lone Star Brewing Association, 61 Ct. Cl. 118.

The plaintiff had a right to have his claim reviewed by the Commissioner and his taxes adjusted after collection by compromise with the corporation. The amount to which the

plaintiff is entitled is admitted. The plaintiff is entitled to recover $2,617.03, together with interest as provided by law. Judgment will be entered accordingly.

It is so ordered.