## UNITED STATES v. GRAMLING.
### No. 12824.

United States Court of Appeals
Fifth Circuit.
March 9, 1950.

Rehearing Denied April 12, 1950.

Cavett S. Binion, Asst. U. S. Attorney, Fort Worth, Texas, for appellant.

6.  Helvering v. Rankin, 295 U.S. 123, 131,    55 S.Ct. 732, 79 L.Ed. 1343.

Cecil A. Morgan, Fort Worth, Texas, for appellee.

Before McCORD and WALLER, Circuit Judges, and RICE, District Judge.

RICE, District Judge.

In a proceeding *in rem* against a taxicab used to violate the narcotic laws, under the provisions of Sections 781 to 787, inclusive, Title 49 United States Code Annotated, judgment was rendered returning the taxicab to the claimant, and the United States appeals.

The facts were stipulated substantially as follows:

On the night of June 18, 1948, a narcotic agent and an informant went to the City Cab Company cab stand at 1110 Commerce Street, Fort Worth, Texas, in search of Elwin E. Haire in an attempt to purchase some marihuana, acting on information that Haire was handling marihuana. After locating Haire the narcotic agent asked Haire if it were possible to get any marihuana and Haire told the narcotic agent he could get a match box full for $5.00. Haire then had the narcotic agent get into City Cab No. 22, a 1946 Model Plymouth Sedan, Motor No. P-15-140476, which was the cab being driven by Haire, and Haire then drove the narcotic agent to the corner of Lipscomb and West Bowie Streets in Fort Worth. Haire then instructed the narcotic agent to get out of the cab and wait for him, which the narcotic agent did. Haire drove away and came back in about ten minutes. Upon the narcotic agent's entry into the cab, he handed Haire a $5 bill, whereupon Haire then handed the narcotic agent a match box containing marihuana. Haire then drove the narcotic agent to the Bomber Grill, Fort Worth, Texas.

The owner and operator of the City Cab Company, M. R. Gramling, had no knowledge or notice of any of the foregoing transactions, did not consent to the use of said automobile for the aforesaid purpose and was not guilty of any conspiracy, acquiescence, or other action on his part in connection with said transaction. Haire operated the above mentioned cab under permit issued by the Chief of Police of the City of Fort Worth in compliance with city ordinance; M. R. Gramling, the owner, had no knowledge or notice as to any criminal record of Haire. Haire was prosecuted in the United States District Court for the Northern District of Texas, at Fort Worth, for a violation of the Marihuana Tax Act, 26 U.S.C.A. § 2590 et seq., the imposition of sentence being withheld and he was placed on probation.

The District Judge made Findings of Fact in 180 F.2d 557, a companion case to this case, which he referred to and adopted as his Findings of Fact in this case except as to the description of the automobile used. Among other facts, the District Judge found that marihuana was obtained on the occasion in question and was used in the prosecution of Haire for a violation of the narcotic laws, of which he was convicted. The Court further found that shortly after the vehicle was seized by the narcotic agent the owner filed a sworn petition with the Bureau of Narcotics, Internal Revenue Division, United States of America, for the return of said vehicle and for remission or mitigation of forfeiture; that said Narcotics Bureau referred said petition and supporting affidavits to the United States Attorney for the Northern District of Texas, at Fort Worth, and the latter referred the same to the Attorney General of the United States, at Washington, by letter of October 6, 1948, wherein he indicated his opinion that the owner of the taxicab involved had not exercised due care in the hiring of his employees; that on August 13, 1948, the owner of the taxicab mailed a sworn petition to the Attorney General of the United States, requesting the return, remission or mitigation of forfeiture of said vehicle, wherein he stated that Haire had previously worked for a taxicab operator in the city and had come to him with all proper commendations; that no formal hearing at which testimony was taken was held by the Treasury Department or by the Attorney General, to whom the matter had been referred, and the only information shown by the record to have been used by the government to show a failure to exercise due care in the hiring of Haire was that indicated in the letter of the United

States Attorney above referred to, and that if the United States Attorney had any other evidence before him except that set out in the court's findings it was not disclosed to the court. The court further found that the claimant has exhausted his administrative remedies and been denied any relief; that the failure of the Treasury Department to grant the petition for remission or mitigation of forfeiture was an abuse of discretion and unreasonable and arbitrary, and bears no reasonable relation to the collection of revenue on the said narcotics, but as indicated in a letter from the Attorney General, was based on the question of whether it would constitute too severe a punishment; that the driver, Haire, was caused to violate the law, and his duty as driver of a taxicab used as a common carrier, by Narcotic Agent Griffin.

The District Judge concluded as a matter of law that there was no substantial evidence to support the action of the Treasury Department in the rejection of the sworn petition of the claimant for the reimssion or mitigation of forfeiture; that such refusal was an abuse of discretion, unreasonable and arbitrary, and amounted to a confiscation of property without a hearing and without due process of law; that the claimant was entitled to a hearing before his property could be confiscated; that the determination of the Treasury Department and the Attorney General that the forfeiture or non-forfeiture of the vehicle depended upon whether the same would constitute too severe a punishment was an abuse of discretion, arbitrary and unreasonable, and bears no reasonable relation to the express purpose of the act to enforce the revenue laws. The District Court finally concluded that the vehicle in question was not in violation of the Marihuana Revenue Act as defined by the Congress. The Court rendered judgment denying the relief prayed for by the government; that the vehicle be not forfeited, but be restored to the claimant.

It having been stipulated that the taxicab in question was used by Haire to consummate the sale of marihuana, we find no evidence to support the trial court's conclusion of law that the vehicle in question was not in violation of the Marihuana Revenue Act, as defined by Congress. On the other hand, we are of the opinion that the record in this case conclusively shows that the vehicle in question was in violation of the pertinent laws of the United States passed to regulate the sale of marihuana.

The libel of information filed herein charged that Haire used the taxicab in question for the purpose of concealing and transporting a contraband article, namely, 40 grains of marihuana, in violation of existing laws and regulations appertaining thereto; that said marihuana had been acquired and obtained through some form or manner of transfer unknown by the said Haire without paying the special tax upon the said transfer, as required by law.

As stated heretofore, the evidence in this case consists of the stipulation, and it was not stipulated that the special tax required by law upon the transfer of said marihuana was not paid. Because it was not so stipulated, appellee contends that the government failed to make its case.

The only basis of claimant for recovery of said taxicab is the fact that he was innocent of any wrongdoing and had no knowledge of Haire's activities. In our opinion, claimant failed to discharge the burden imposed upon him by Section 1,615 of Title 19 United States Code Annotated, which is, in part, as follows: "In all suits or actions brought for the forfeiture of any vessel, vehicle, merchandise, or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant; and in all suits or actions brought for the recovery of the value of any vessel, vehicle, merchandise, or baggage, because of violation of any such law, the burden of proof shall be upon the defendant: Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court * * *." Section 1615, Title 19 United States Code Annotated, is made applicable to this case by Section 784 of Title 49 United States Code Annotated.

■ We think the stipulated facts show that there was probable cause for the seizure and libel of the taxicab in question. W. E. Dean & Co. v. United States, 5 Cir., 171 F.2d 468.

Marihuana is defined to be a narcotic drug by Section 787, of Title 49 United States Code Annotated.

Section 781 of Title 49 United States Code Annotated, provides in part as follows:

"(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.

"(b) As used in this section, the term 'contraband article' means—

"(1) Any narcotic drug which has been or is possessed with intent to sell or offer for sale in violation of any laws or regulations of the United States dealing therewith, or which is sold or offered for sale in violation thereof, or which does not bear appropriate tax-paid internal-revenue stamps as required by law or regulations; * *."

The evidence in this case conclusively shows that Haire had possesion of the marihuana with intent to sell.

Section 2597 of Title 26 United States Code Annotated, in reference to marihuana, provides as follows: "It shall not be necessary to negative any exemptions set forth in this subchapter or part VI of subchapter A of chapter 27 in any complaint, information, indictment, or other writ or proceeding laid or brought under this subchapter or part VI of subchapter A of chapter 27 and the burden of proof of any such exemption shall be upon the defendant. In the absence of the production of evidence by the defendant that he has complied with the provisions of section 3231 relating to registration or that he has complied with the provisions of section 2591 relating to order forms, he shall be presumed not to have complied with such provisions of such sections, as the case may be."

■ It having been stipulated and the District Judge who tried this case having found that the marihuana in question was used in the prosecution of Haire for the violation of the Marihuana Tax Act, and that he stood convicted in said court of said offense, would, we think, be conclusive of the fact that the possession of the marihuana in question in said taxicab was illegal.

Claimant's answer did not deny that the taxicab had been used in violation of the Marihuana Tax Act, but alleged the lack of knowledge and participation by claimant in the crime, and his good faith in the matter.

■ Innocence or good faith is no defense in a matter such as this. Congress has not extended to the courts any power of remission or mitigation of forfeiture in cases involving the violation of the narcotic laws. United States v. One 1941 Plymouth Sedan, 10 Cir., 153 F.2d 19.

■ Section 618 of the Tariff Act of 1922, now 19 U.S.C.A. § 1618, vested in the Secretary of the Treasury discretionary power in reference to remission or mitigation of forfeitures. This power was extended to forfeitures incurred under the internal revenue law by Section 709 of the Revenue Act of 1928, 26 U.S.C.A. § 3726, and to those under the Contraband Transportation Act by 49 U.S.C.A. § 784. By Executive Order 6166, dated June 10, 1933, 5 U.S.C.A. §§ 124–132 note, such discretionary power was vested in the Attorney General in cases referred to the Department for prosecution or where action had been commenced. This court has heretofore held that in cases such as this a District Court of the United States has not been vested with jurisdiction to review the action of the Secretary or to say that he has been guilty of an abuse of discretion in passing upon an application for remission. General Finance Company of Louisiana,

502

Inc. v. United States, 5 Cir., 45 F.2d 380, page 381. This holding would apply, we think to the instant case, in which the Attorney General was not a party.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.