**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 1957 BUICK ROADMASTER, Motor No. 7D1077697, Defendant.**

**No. 17478.**

United States District Court
E. D. Michigan, S. D.

Nov. 3, 1958.

598

Fred W. Kaess, U. S. Atty., Donald F. Welday, Jr., Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Garan, Lucow & Miller, Detroit, Mich., for petitioner General Motors Acceptance Corp.

FREEMAN, District Judge.

In this case, the United States filed a libel of information alleging that one 1957 Buick Roadmaster automobile had been used to transport one hundred and forty-six grains of heroin, in violation of 49 U.S.C.A. §§ 781–788, and praying for the relief that is customary in such cases, including condemnation and forfeiture of the automobile. The libel showed that one David Berry was the registered owner of the car and that General Motors Acceptance Corporation (hereinafter called GMAC) holds a lien of $3,178.50 on it. David Berry has failed to appear in this proceeding and an order of default has been entered. General Motors Acceptance Corporation filed its answer and this matter is now before the court for decision on GMAC's petition for judicial review under the Administrative Procedure Act, 5 U.S. C.A. § 1001 et seq.

The petition for review under the Administrative Procedure Act alleges, substantially, that GMAC filed a petition for remission and/or mitigation of a forfeiture, pursuant to the provisions of 19 U.S.C.A. § 1618 and Executive Order No. 6166 (5 U.S.C.A. §§ 124–132 and note), with the United States Attorney and that this petition for remission was denied by the Attorney General of the United States for the reasons contained in a letter from the United States Department of Justice to GMAC dated June 2, 1958. Copies of the paper comprising the petition for remission and the denial thereof are attached to GMAC's petition for judicial review, which further states that the denial of GMAC's petition for remission by the Attorney General constitutes a deprivation of property without due process of law in that said denial is arbitrary, capricious and an abuse of discretion and otherwise not in accordance with the law.

Oral arguments have been made and briefs have been filed by GMAC and the government. GMAC contends that this court has jurisdiction to review the denial of its petition for remission by the Attorney General under Section 1009, Title 5 U.S.C.A., the Administrative Procedure Act, since the denial by the Attorney General constitutes "agency action" adversely affecting the petitioner. The government contends that there is no jurisdiction in this court to review the Attorney General's refusal to mitigate or remit this forfeiture since this

agency action is by law committed solely to the discretion of the Attorney General and therefore is within an exception to the operative provisions of the Administrative Procedure Act (Section 1009, 5 U.S.C.A.).

Section 1009, 5 U.S.C.A., provides, in pertinent part:

"§ 1009. Judicial review of agency action.

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

In libel actions such as the case at bar, Congress has granted to the Secretary of the Treasury the power to remit or mitigate the forfeiture in his discretion where certain findings are made by him.

Section 1618, Title 19, U.S.C.A., provides in part:

"§ 1618. Remission or mitigation of penalties.

" * * * the Secretary of the Treasury, * * * if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto."

The powers granted by the above section to the Secretary of the Treasury have been transferred to the Attorney General by Executive Order No. 6166 (5 U.S.C.A. §§ 124–132 and note).

The question now before the court is whether the action of the Attorney General, in denying any remission or mitigation to GMAC, is reviewable by this court under the provisions of Section 1009, Title 5 U.S.C.A. This question does not appear to have been previously decided in any reported case.

■ It is quite true, as has been contended by the petitioner, that the case law indicates that Section 1009, 5 U.S.C.A., is intended to be broadly construed and applied so as to grant judicial review of administrative decisions wherever it is possible to do so. In Heikkila v. Barber, 1953, 345 U.S. 229, 232, 73 S.Ct. 603, 605, 97 L.Ed. 972, the Supreme Court said that the legislative history, "together with the broadly remedial purposes of the [Administrative Procedure] Act counsel a judicial attitude of hospitality towards the claim that § 10 greatly expanded the availability of judicial review."

■ On the other hand, it is also true, as the government's argument emphasizes, that Section 1009 expressly prohibits any consideration by this court of "agency action" that has been "by law committed to agency discretion." The petitioner attempts to avoid the force of this exception to the power of judicial review granted by Section 1009 by citing to the court cases where the courts have held that an "abuse of discretion" by the administrative agency has been held to be subject to judicial review. None of the cases so cited discuss or decide a question of the right to judicial review of an exercise of discretion under Section 1618, Title 19 U.S.C.A. In Heikkila v. Barber, supra, the Supreme Court was faced with the question of whether administrative decisions made under the Immigration Act of 1917 were subject to the provisions of Section 1009, 5 U.S.C.A. The court there said 345 U.S at page 233, 73 S.Ct. at page 605:

"No easy answer is found in our decisions on the subject. Each statute in question must be examined individually; its purpose and his-

tory as well as its text are to be considered in deciding whether the courts were intended to provide relief for those aggrieved by administrative action."

After an examination of the history and purpose of the Act under question in that case, the court held that the Administrative Procedure Act did not grant a judicial review of agency action pursuant to the Immigration Act of 1917. Therefore, in the case at bar, it is necessary to examine the history and purposes of the statute granting the power to remit and mitigate forfeitures to the Attorney General.

Four cases cited by the government show the history and purpose of this statute and seem to be decisive of the question now before this court. In United States v. One 1946 Plymouth Sedan, D.C.E.D.N.Y.1946, 73 F.Supp. 88, the court was faced with the question whether it had the power to release the vehicle upon the posting of a bond. In the course of its decision on this issue, the court discussed at length the history of the forfeiture statutes. The court showed that the underlying concept of these statutes and this statute in particular was that the thing forfeited was noxious in and of itself and that, therefore, the owner's innocence had no bearing upon the question of whether the object forfeited was or was not to be forfeited. The court then states that our statute, i. e., 19 U.S.C.A. § 1618, denies any power of remission or mitigation to the courts, leaving that power to be exercised through an act of grace by an administrative officer. The court therefore held that it could not admit the car to bond, since the court was without jurisdiction to so act. In United States v. Heckinger, 2 Cir., 1943, 163 F.2d 472, 474, the Court of Appeals said:

"We think that Judge Kennedy's ruling in United States v. One 1946 Plymouth Sedan, D.C., 73 F.Supp. 88, was correct."

It is true that these courts were not considering cases involving judicial review of the administrative action of the Secretary of the Treasury under the Administrative Procedure Act. However, the statements contained therein do shed some light on the harsh nature and purpose of the forfeiture laws. The analysis of the power of the Secretary to remit or mitigate as being an "act of grace" is important to this case. In United States v. One 1951 Cadillac Coupe de Ville, D.C.W.D.Pa.1952, 108 F.Supp. 286, the district court held that it had no jurisdiction to review the action of the Attorney General in denying the petition for remission of mitigation even if such denial were arbitrary. The court cited United States v. One 1946 Plymouth Sedan, supra, [73 F.Supp. 90] as authority for its conclusion and quoted the following statement from that case:

"My conclusion is that when seizure of a contraband carrying vehicle is made under the Act of 1939, * * * the remedy, and the only remedy, of the innocent owner or lienor is through an act of grace on the part of the Cabinet officer in whose jurisdiction the seizure lies."

This case is not precisely in point with the case at bar, since there is no showing that there was an application for review under the Administrative Procedure Act. However, the court did hold that it had no power to review an "act of grace" even where there was arbitrary action on the part of the administrative officer. In United States v. Gramling, 5 Cir., 1950, 180 F.2d 498, the court considered a case almost precisely in point with the case now before this court. The issue presented in that case was whether the district court had jurisdiction to review the action of the Attorney General in denying a petition for remission or mitigation. The district court held that the action of the Attorney General had been arbitrary and capricious and without substantial evidence to support it. The court of appeals held that the district court had been entirely without jurisdiction to grant relief on

this basis, citing United States v. One 1941 Plymouth Tudor Sedan, 10 Cir., 1946, 153 F.2d 19 and General Finance Co. of Louisiana v. United States, 5 Cir., 1930, 45 F.2d 380. Again, in that case, it is true that the provisions of the Administrative Procedure Act are not mentioned in the course of the court's opinion. It is significant, however, that the holding of the district court was precisely that requested of this court and was in accordance with the standards established for judicial review under the Administrative Procedure Act. The district court had held that there was no "substantial evidence" and that the action of the Attorney General was "arbitrary" and an "abuse of discretion." If this court were to grant relief under the Administrative Procedure Act, it would necessarily have to make similar findings.

The total impact of the above-cited cases seems to indicate that Congress, in giving the right to remit or mitigate forfeitures to the Attorney General, granted as complete a discretion to him as it could possibly give. If the words of the Administrative Procedure Act creating an exception to the right of judicial review where "agency action is by law committed to agency discretion" are to be given any effect whatsoever, it would appear that they must be applied in this case. The intent of Congress appears to be that the Attorney General should have the power to remit or mitigate as an "act of grace" and it would seem incompatible with this intent that this court should have the power to review the actual exercise of the discretion so granted, for any reason. It should be said in this regard, however, that the court is not faced with a case where the Attorney General has refused or failed to exercise his discretion.

In view of the present state of the case law defining the extent of the court's powers to interfere with the discretion granted to the Attorney General, it seems to the court that it is without jurisdiction to review the Attorney General's action even under the powers granted by the Administrative Procedure Act.

It may be said that this case is extremely difficult of decision, since it is one of those cases where the hardship imposed by the law upon the petitioner appears to be unjust and inequitable. Petitioner has presented an appealing argument for relief, but it would seem that its arguments would be more properly directed to the Congress of the United States.

Petition for judicial review under the Administrative Procedure Act is denied. An appropriate order may be presented.