**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ONE 1961 CADILLAC et al., Defendants, General Motors Acceptance Corporation, Defendant-Appellant.**

**No. 15638.**

United States Court of Appeals Sixth Circuit.

Nov. 5, 1964.

Albert A. Miller, Detroit, Mich., for defendants-appellant, Garan, Lucow & Miller, Detroit, Mich., on the brief, Harold Goodman, Detroit, Mich., of counsel.

Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., for appellee, Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief, Eric J. Byrne, Atty., Dept. of Justice, of counsel.

Before WEICK and O'SULLIVAN, Circuit Judges, and STARR, Senior District Judge.

WEICK, Chief Judge.

The Government instituted a Libel of Information proceeding in the District Court for forfeiture of a 1961 Cadillac automobile alleging that it had been used for the transportation of narcotics in violation of the Contraband Transportation Act, 49 U.S.C. §§ 781–789. The owner of the automobile and General Motors Acceptance Corporation,[1] which was the assignee from the dealer of a conditional sales contract, were made parties defendant. G.M.A.C. filed an answer in the libel proceeding and the case is still pending in the District Court.

G.M.A.C. filed with the Attorney General a petition for remission or mitigation of the forfeiture pursuant to the provisions of 19 U.S.C. § 1618[2] and Executive Order 6166. The Attorney

---

1. General Motors Acceptance Corporation will be referred to as G.M.A.C.

2. This statute provides as follows:

"Whenever any person interested in any vessel, vehicle, merchandise, or baggage seized under the provisions of this chapter, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury if under the customs laws or under the navigation laws, before the sale of such vessel, vehicle, merchandise, or baggage a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto. In order to enable him to ascertain the facts, the Secretary of the Treasury may issue a commission to any customs agent, collector, judge of the United States Customs Court, or United States commissioner, to take testimony upon such petition: *Provided,* That nothing in this section shall be construed

General denied the petition and gave his reasons therefor.

G.M.A.C. then filed in the libel proceeding in the District Court a petition for what it terms a limited review, under the Administrative Procedure Act (5 U.S.C. §§ 1001–1009), of the action of the Attorney General. This petition was denied by the District Court on the ground that the decision of the Attorney General involved a matter committed to his discretion and was expressly exempted by Section 1009 [3] of the Administrative Procedure Act. The District Court cited as authority its decision, United States v. One 1957 Buick Roadmaster, 167 F.Supp. 597 (E.D.Mich.1958).

Upon application, we allowed an interlocutory appeal from the order denying the petition for review of the action of the Attorney General.

■ G.M.A.C. concedes that prior to the Administrative Procedure Act there was no review of the action of the Secretary of the Treasury or of the Attorney General in denying a petition for remission. Dorsheimer v. United States, 7 Wall. 166, 74 U.S. 166, 19 L.Ed. 187 (1868); United States v. Morris, 10 Wheat. 246, 23 U.S. 246, 6 L.Ed. 314 (1825); Cotonificio Bustese, S. A. v. Morgenthau, 74 App.D.C. 13, 121 F.2d 884 (1941); General Finance Co. v. United States, 45 F.2d 380, 381 (C.A.5, 1930); United States ex rel. Walter E. Heller & Co. v. Mellon, 59 App.D.C. 296, 40 F.2d 808 (1930); Macheca v. United States, 26 F. 845 (E.D.La.1886). It contends that there is a "limited review" under the Administrative Procedure Act, of the action of the Attorney General in denying the petition for remission. By "limited review" G.M.A.C. means a full review, but not a de novo trial.

The federal courts have not agreed with this contention. Since the passage of the Administrative Procedure Act they have continued to hold that the exercise of discretion by the Secretary of the Treasury or of the Attorney General in denying a petition for remission or forfeiture, is not reviewable. Associates Investment Co. v. United States, 220 F.2d 885 (C.A.5, 1955); United States v. Gramling, 180 F.2d 498 (C.A.5, 1950); United States v. One 1957 Buick Roadmaster, supra; United States v. One 1951 Cadillac Coupe DeVille, 108 F.Supp. 286 (W.D.Pa.1952); United States v. One 1946 Plymouth Sedan, 73 F.Supp. 88 (E.D.N.Y.1946).

G.M.A.C. has cited no case upholding its contention involving the remission statute applicable here. It urges strenuously that it is abhorrent to plain principles of justice to permit a forfeiture by government agencies without affording innocent persons injured thereby an effective review by the courts.

■ In the libel action, the only question to be determined by the District Court is whether the vehicle forfeited was used in the unlawful transportation of contraband articles. The innocence or good faith of the owner or lienholder of the vehicle does not constitute a defense. 49 U.S.C. § 782; United States v. One 1955 Ford Convertible, 137 F.Supp. 830 (E.D.Pa.1956); United States v. One Oldsmobile Sedan, 118 F.Supp. 450 (E.D.La.1954); United States v. One 1951 Cadillac Coupe DeVille, supra.

■ The only remedy available to an owner or lienholder of a vehicle which has been forfeited for violation of the Contraband Transportation Act, is to apply for remission or mitigation of the forfeiture. Statutory provisions for remission of forfeiture are not of recent origin. They were contained in customs laws as far back as 1790, 1 Stat. 122. The Act of

---

to deprive any person of an award of compensation made before the filing of such petition. June 17, 1930, c. 497, Title IV, § 618, 46 Stat. 757; 1946 Reorg.Plan No. 3, eff. July 16, 1946, §§ 101–104, 11 F.R. 7875, 60 Stat. 1097."

3. Section 1009 provides:
  "Except so far as * * * (2) agency action is by law committed to agency discretion."
  The statute then provides for rights of review, acts reviewable and scope of review.

March 3, 1797 (1 Stat. 506) superseded the 1790 statute and provided that the Secretary of the Treasury had the power of remission. Remission provisions were contained in various amendments to the statute and are a part of the present law.

 The purpose of the remission statutes was to grant executive power to relieve against the harshness of forfeitures. The exercise of the power, however, was committed to the discretion of the executive so that he could temper justice with mercy or leniency. Remitting the forfeiture, however, constituted an act of grace. The courts have not been granted jurisdiction to control the action of the executive, even where it is alleged, as here, in general conclusory language, that discretion has been abused.

Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955), relied on by G.M.A.C., is not apposite. The Court there stated that the legislative history of the 1952 Immigration Act and the Administrative Procedure Act indicated Congressional approval for a full review of deportation orders. This is not true of orders denying petitions for remission, which have never been regarded as subject to review by the courts.

G.M.A.C. argues that the courts have been liberal in construing the Administrative Procedure Act and in extending its scope. Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958); Peters v. Hobby, 349 U.S. 331, 75 S.Ct. 790, 99 L.Ed. 1129 (1955); Gonzalez v. Freeman, 334 F.2d 570 (C.A.D.C.1964); Estrada v. Ahrens, 296 F.2d 690 (C.A.5, 1961); Obrenovic v. Pilliod, 282 F.2d 874 (C.A.7, 1960); Adams v. Witmer, 271 F.2d 29 (C.A.9, 1958); Homovich v. Chapman, 89 U.S.App.D.C. 150, 191 F.2d 761 (1951). It urges that we should construe the Administrative Procedure Act so as to furnish reviews of orders of the Attorney General denying remission of forfeiture. The trouble here is that the Administrative Procedure Act expressly exempted matters committed to the discretion of an agency. We have no right to disregard this plain language.

The District Court was correct in ruling that it was without authority to review the action of the Attorney General in denying remission.

Affirmed.