**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ONE 1970 BUICK RIVIERA BEARING SERIAL NO. 494870H910774, Respondent, and**

**National American Bank of New Orleans, Claimant-Appellant.**

**No. 71-2545.**

United States Court of Appeals, Fifth Circuit.

On Suggestion for Hearing En Banc Nov. 17, 1971.

Opinion May 12, 1972.

Rehearing and Rehearing En Banc Denied June 23, 1972.

Fred Clegg Strong, Guy B. Scoggin, New Orleans, La., for appellant.

John R. Schupp, Mary W. Cazalas, Asst. U. S. Attys., Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., for appellee.

## ON SUGGESTION FOR HEARING EN BANC

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

No Judge in regular active service on the Court having requested that the Court be polled on hearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Hearing En Banc is denied.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge.

This appeal is from a proceeding brought by the United States pursuant to 49 U.S.C.A. § 782 to enforce forfeiture of an automobile used to transport heroin in violation of 49 U.S.C.A. § 781.[1] The National Bank of New Orleans intervened in the forfeiture action as holder of a chattel mortgage and vendor's lien on the car, given as security for a loan made to the owner, Mrs. Myrtle Brooks, whose husband had used the car to transport heroin. The Bank alleged that it was innocent of any wrongdoing, that it had duly applied to the Attorney General, under 19 U.S.C.A. § 1618, for remission and mitigation of the forfeiture to the extent of its interest in the car, and that the Attorney General had denied its request. The Bank urged that the Attorney General's decision was reviewable by the District

---

1. Jurisdiction over the § 782 forfeiture proceeding was conferred by 28 U.S.C.A. § 1355.

Court and that failure to grant remission would violate the due process and just compensation provisions of the Fifth Amendment. The District Court held that the Attorney General's denial of the Bank's claim for remission was unreviewable and found the Bank's constitutional arguments to be without merit. The Bank appeals and we affirm.

██ The question of our authority to review the Attorney General's denial of the request for remission of the forfeiture is controlled by the long-standing, judge-made rule that the Attorney General has unreviewable discretion over petitions under 19 U.S.C.A. § 1618.[2] United States v. One 1961 Cadillac, 337 F.2d 730 (6th Cir. 1964); United States v. Kemp, 186 F.2d 808 (10th Cir. 1951); United States v. Gramling, 180 F.2d 498 (5th Cir. 1950); United States v. One 1957 Buick Roadmaster, 167 F.Supp. 597 (E.D.Mich.1958). *See also* General Finance Co. of Louisiana v. United States, 45 F.2d 380 (5th Cir. 1930) (denying review of an official adverse decision of a

mitigation petition under the Tariff Act of 1922, 42 Stat. 987, 19 U.S.C.A. § 532, the pertinent part of which was couched in language identical to that now in 19 U.S.C.A. § 1618); United States ex rel. Walter E. Heller & Co. v. Mellon, 59 U.S.App.D.C. 296, 40 F.2d 808 (D.C. Cir. 1930) ("mandamus will not lie to control the discretionary action of the Secretary" under the Tariff Act of 1922, 42 Stat. 987, 19 U.S.C.A. § 532).

 Judicial control of the Attorney General's remission and mitigation function has been exercised only when administrative officials have refused to entertain a mitigation claim on the erroneous belief that they had no statutory authority to do so, Cotonificio Bustese, S. A. v. Morgenthau, 74 U.S.App.D.C. 13, 121 F.2d 884 (1941), and the extent of judicial control has been merely to require the officials to exercise jurisdiction over the claim, not to review the official decision of the merits.[3] Since the Bank does not claim that the Attorney General failed to exercise his discretion,

2. That statute provides:
§ 1618. Remission or mitigation of penalties
"Whenever any person interested in any vessel, vehicle, merchandise, or baggage seized under the provisions of this chapter, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury if under the customs laws or under the navigation laws, before the sale of such vessel, vehicle, merchandise, or baggage a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto. In order to enable him to ascertain the facts, the Secretary of the Treasury may

issue a commission to any customs agent, collector, judge of the United States Customs Court, or United States commissioner, to take testimony upon such petition: *Provided*, That nothing in this section shall be construed to deprive any person of an award of compensation made before the filing of such petition."
By Executive Order No. 6166, (June 10, 1933) the Secretary's authority was transferred to the Attorney General in cases in which judicial proceedings are instituted. For simplicity, however, we refer to official action under this statute as being that of the Attorney General, even though some of the cases cited in text involve the Secretary.

3. A case analogous to Bustese is U. S. v. Edwards, 368 F.2d 722 (4th Cir. 1966), where the court assumed "the general validity of the proposition" that the denial of remission was unreviewable but remanded the case for development of the record, which contained facts tending to show a deliberate official policy of denying claims without any consideration—in other words, a refusal to exercise the discretion mandated by statute.

we may not inquire further into the Attorney General's decision.[4]

█ The Bank's due process and just compensation arguments are without merit. Van Oster v. Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354 (1926); Goldsmith, Jr.-Grant Co. v. U. S., 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1921); Associates Investment Co. v. U. S., 220 F.2d 885 (5th Cir. 1955).

The judgment of the District Court is affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

█ The contention is made that our decision ignores, overlooks and conflicts with United States v. United States Coin & Currency, 401 U.S. 715, 719–721, 91 S. Ct. 1041, 1045; 28 L.Ed.2d 434 (1971). To the contrary, we considered then and we consider now that our decision is wholly consistent with *Coin & Currency,* which recognizes power in the Secretary of the Treasury to return property but "upon such terms and conditions as he deems reasonable and just."

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

4. Although we recognize that agency action is unreviewable only in the exceptional case, *see generally* Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 410, 91 S.Ct. 814, 28 L.Ed.2d 136, 149–150 (1971); Abbott Laboratories v. Gardner, 387 U.S. 136, 139–142, 87 S.Ct. 1507, 18 L.Ed.2d 681, 686–689 (1967), we do not write upon a clean slate. We find no instance where the Attorney General's discretion was subjected to judicial review; the full weight of authority lies on the other side.

The only feature that differentiates the Bank's claim from ones that have been made and rejected before is the use of an alternative source of subject matter jurisdiction, the Tucker Act, 28 U.S.C.A. § 1346(a) (2), as a vehicle to achieve review of the Attorney General's decision. But even presuming that the Tucker Act's jurisdictional requirements are met, the answer on the merits of the Bank's claim for review under that jurisdictional head would be the same. *See* Heikkila v. Barber, 345 U.S. 229, 237, 73 S.Ct. 603, 97 L.Ed. 972, 978 (1953), (absence of authority to review under the Court's general equity powers follows "a fortiori" from absence of authority to review under 5 U.S.C.A. § 701).