**G. M. GRIEKSPOOR, as master of the M/V MAYA, et al.,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 74–3749
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 9, 1975.

Nathaniel G. W. Pieper, Tampa, Fla., for plaintiffs-appellants.

Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., Robert L. Keuch, Richard W. Beebe, Dept. of Justice, Crim. Div., Washington, D. C., for defendant-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Appellants filed suit in the district court to recover a penalty payment of $69,600 assessed by the Bureau of Customs for alleged violation of 19 U.S.C. § 1584. This statute imposes a monetary penalty for, inter alia, imported contraband found on board a vessel. The government contends that the M/V MAYA, a banana boat carrying cargo between Turbo, Colombia and Tampa, Florida, was carrying some 870 pounds of marijuana and notified appellants of demand for a penalty of $348,000. Appellants filed a petition for administrative relief and the District Director remitted the penalty to $69,600. Although appellants requested further disclosure from the Bureau of Customs concerning the underlying facts of the claim, little information was forthcoming and ultimately, the penalty was paid under protest.

The government filed a motion to dismiss, asserting a lack of subject matter jurisdiction. It was contended that the

---

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Customs Court had exclusive jurisdiction of the controversy under 28 U.S.C.A. § 1582(a)(3).[1] The district court agreed and dismissed the cause.

On appeal the government seeks to confess error and urges that the district court had jurisdiction under 28 U.S.C.A. § 1355.[2]

We vacate and remand for further consideration of the matter in the district court in light of the government's change in position.

Vacated and remanded.

1. 28 U.S.C.A. § 1582(a)(3):

    (a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including the legality of all orders and findings entering into the same, involves: . . . (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury; . . .

2. 28 U.S.C.A. § 1355:

    The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress.