**G. M. GRIEKSPOOR, as Master of the M/V MAYA, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 74–162–Civ–T–K.**

United States District Court, M. D. Florida, Tampa Division.

March 3, 1977.

Nathaniel G. W. Pieper, Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, Fla., for plaintiffs.

U. S. Atty. John L. Briggs, Tampa, Fla., and Martin H. Sachs, Atty., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM

WILLSON, Senior District Judge, Sitting by Designation.

This case is the aftermath to the issue set forth in the per curiam opinion, *Griekspoor v. United States,* 511 F.2d 137 (1975) (5th Cir.), announced April 9, 1975. The case was presented to me on stipulated facts and on cross motions for summary judgment. The parties filed a stipulation limiting the issues in dispute, as well as limiting discovery. As the stipulation narrows the issue to be decided, it is well that it be quoted in part:

"It is hereby stipulated and conceded by counsel for plaintiffs that (1) the penalty imposed by the United States Customs Service in Customs Case No. 72–1801–53, Tampa, Florida underlying the case at bar, was lawfully imposed pursuant to 19 U.S.C. 1584—for failure to manifest marijuana (if issues (A) and (B) below are determined in favor of the United States); (2) that the defendant, including its agents, employees and representatives, did not abuse their discretion or act in an arbitrary, capricious, or illegal manner with regard to the mitigation of the said penalty; and (3) that the Notice of Penalty sent to plaintiffs, together with all subsequent letters from the defendants, its agents, employees or representatives, were not misleading (although plaintiffs claim the notice and letters were insufficient as set forth in issues (A) and (B) below.) Accordingly, plaintiffs do not contest or seek judicial review of the government's decision to mitigate rather than remit the penalty."

The contention by plaintiffs is that due process has been denied because:

". . . the 'Notice of Penalty or Liquidated Damages Incurred' (Customs Form 5955–A 3/70) or in an agency letter denying an administrative petition filed under 19 U.S.C. 1618 for violations of the Customs laws; and (B) (that) . . . the Notice and such other information given to plaintiffs in the instant case. . . ." did not satisfy due process requirements.

From the stipulated facts, including the exhibits and briefs of counsel, the Court agrees with counsel that there is no genuine issue as to any material fact with respect to

the contentions of either of the parties; and the case is, therefore, ripe for summary judgment under Rule 56. The Findings and Conclusions herein stated are based upon the pleadings, and the evidence as appears from the stipulated facts, including the admissions and exhibits.

As indicated in the *Griekspoor* decision, the Bureau of Customs had assessed a penalty of $348,000 for the marijuana contraband found aboard the M/V MAYA. A petition for administrative relief from that penalty was filed by plaintiffs on January 5, 1972 (Ex. B). The District Director advised that the penalty would be remitted upon payment of the sum of $69,600 (Ex. D).

The current issue to be decided was raised by plaintiffs' letter of October 18, 1972, to the District Director of Customs wherein counsel for plaintiffs, Nat Pieper, Esq., says:

"Further to your letter of October 12, 1972, we request that we be provided an explanation detailing the various factual findings and grounds for denial which support the assessment by the Commissioner of the $69,600 penalty. We believe that the Administrative Procedure Act requires the agency to provide a statement of the grounds for denial and request that the explanation be made sufficiently in advance of the date within which appeal is to be taken." (Ex. F).

And the reply thereto by the District Director of Customs dated October 25, 1972, addressed to the attention of Mr. Pieper in which it says:

"The Bureau's decision reads, in part, as follows:

'However, petitioner's perfunctory searches of his vessel and his failure to hire trustworthy guards while docked in Colombia do constitute at least gross negligence insofar as the earlier violation is concerned. In view of the additional precautions taken by the petitioner to prevent smuggling and the fact that petitioner immediately instructed the vessel's agent to alert Customs when the second cache of mari-

huana was discovered, we believe the petitioner was not negligent insofar as the later violation is concerned.'

"We presume the foregoing information will be sufficient for your purposes." (Ex. G).

Again Mr. Pieper wrote to the District Director of Customs, Mr. Edward M. Ellis, on October 31, 1972, in which he politely but firmly sought to secure the factual basis for the remission to the $69,600 penalty. Mr. Pieper asked that the Bureau forward him the entire decision of the Bureau of Customs. Mr. Pieper's assertion then was and still is that the Administrative Procedure Act and the Freedom of Information Act citing the statutes required full disclosure of the basis for the decision and that the due process clause of the Constitution also required the Bureau to release the decision:

". . . so that a party against whom civil or criminal penalties are being asserted can discover the underlying factual basis for the accusations supporting the alleged violation."

This Court has concluded that the plaintiffs' motion for summary judgment must be denied, and the defendant's motion for summary judgment must be granted.

It is to be noticed that the statute, 19 U.S.C.A. § 1584, is titled: "Falsity or lack of manifest; penalties." Thus the Congressional enactment defines the offense and sets the penalty, i. e., $25.00 for each ounce of unmanifested marijuana. It is my view that the notice of October 23, 1971 (Ex. A) in which the Department of the Treasury, Bureau of Customs, demanded payment of $348,000 in penalties, and which reads in part as follows is amply sufficient:

"On the night of September 14, 1971, and the morning of September 15, your vessel the M/V MAYA was under surveillance by special agents of U.S. Customs at Metroport Docks. At various times between 11:15 p. m. September 14, and 2:30 a. m., September 15, marijuana was observed being off-loaded and placed in waiting vehicles by crewmembers of the MAYA.

The penalty is being assessed against you at the rate of $25 per ounce, there having been 13,920 ounces."

By analogy, the language of the notice would suffice in a criminal indictment under Criminal Rule 7(c)(1). It is a ". . . plain, concise and definite written statement of the essential facts constituting . . ." an offense. The citation of the alleged violation is stated in the notice.

This Court finds no merit in plaintiffs' contention that the notice of the assessment of penalty in the first instance was anywise defective. The crux of plaintiffs' contention is that:

". . . the penalty, in the amount initially asserted ($348,000.00) or in amount actually collected ($69,600.00), was unconstitutionally exacted in violation of the constitutional safeguards of due process and the Freedom of Information Act because the Government refused to disclose sufficient and legally required information to the Plaintiff in order to permit them to make a reasonable effort to prepare a petition for administrative relief in response to the damaging 'facts' said to underlie the penalty assessment, but known only to the Bureau of Customs."

Rather than standing by and awaiting an attempt by the Government to collect the penalty pursuant to 28 U.S.C.A. § 1355, plaintiffs sought relief under 19 U.S.C.A. § 1618, which is titled "Remission or mitigation of penalties," and reads in part:

". . . the Secretary of the Treasury, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just . . . ."

As mentioned the Secretary remitted the larger penalty to the sum of $69,600. Plaintiffs' supplemental petition for remission of the $69,600 penalty was denied. Whereupon Mr. Pieper on November 9, 1973, again renewed their request for a copy of the formal written decision and requested information concerning the basis of the denial of the supplemental petition. (Ex. L). The correspondence terminated on November 15, 1973, when the District Director mailed a copy of the decision denying the supplemental petition of the master and further suggesting that if no new facts or information could be presented that no purpose would be served by submitting an additional supplemental petition. (Ex. M). Then on December 21, 1973, plaintiffs, under protest, paid the $69,600 to the Government. (Ex. N). On March 19, 1974, suit was filed in this case alleging that there was no legal basis for the assessment of the penalties and that the Government violated 5 U.S.C. § 552 (Freedom of Information Act) and the constitutional guarantees of due process in assessing the penalty.

On remand from the Court of Appeals and after submission of the stipulations and upon oral argument and examination of the briefs, this Court concludes that plaintiffs have no claim for relief which can be granted by this Court.

The supplemental petition (Ex. J) was filed on behalf of G. M. Griekspoor, master of the Dutch M/M MAYA. Throughout the Customs' file, it is apparent that the agents for the Bureau of Customs in Colombia and also in Tampa had information, which led them to suspect that the master had personal knowledge of the loading of the contraband marijuana, and, in fact, he was suspected of being a participant in this smuggling operation. This suspicion of the master appears in a report of investigation dated March 3, 1972, signed by Jackson P. Weldon, Special Agent. On behalf of the master, plaintiffs seek to deny the allegation or suspicion contained in the papers of the agents, it being plaintiffs' desire to exonerate the master from any suspicion that he personally was engaged or knew of the marijuana being carried aboard his vessel. Plaintiffs' contention is that the suspicion of the master was carried into the

decision and formed a basis for the refusal to remit the penalty entirely, but the Acting Commissioner of Customs in his letter to the District Director of Customs at Tampa, dated October 4, 1972, says in the first sentence of the second paragraph:

"Since no criminal indictment of the petitioner occurred, we believe the informant's allegations tying petitioner to the contraband activity are insufficient to sustain a finding of intentional nonmanifestation."

Thus, as this Court sees it, the Bureau of Customs has exonerated the master from personal knowledge of the smuggling of marijuana aboard his vessel. With this concession, plaintiffs have no complaint whatsoever, as they do not under the stipulation contest the imposition of the penalty in the first instance because of the marijuana being aboard the vessel. As this Court understands plaintiffs' position, it simply is that the master has the right to insist that the Secretary afford him a hearing on the remission issue.

But under Exhibit G, and as plaintiffs were notified, the penalty is based on:

". . . perfunctory searches of his vessel and his failure to hire trustworthy guards while docked in Colombia do constitute at least gross negligence . .."

■ Mr. Pieper, for plaintiffs, in his presentation of January 5, 1972, fully covered and discussed the issue of negligence of the master at Colombia (Ex. B). It is apparent that Mr. Pieper was concerned that the master would be found guilty of willful negligence. To that issue Mr. Pieper addressed his petition for administrative relief in the first instance. He was successful in that the negligence was at least finalized as "gross negligence." This Court does not understand that there is any present disposition on the part of plaintiffs to controvert the finding of negligence made by the Secretary. The issue boils down to the simple proposition that in the Bureau of Customs' file the suggestion of the personal complicity of the master must have influenced the decision. Therefore, say plaintiffs, there is a lack of due process as plaintiffs have been denied the right to defend the master on that ground. But there is no request before me for a further hearing before the Secretary of the Treasury, but only such review as will indicate whether plaintiffs have had due process. This Court is generally acquainted with the propositions stated in *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 312 L.Ed.2d 36 (1972) that: "Due process requires that there be an opportunity to present every available defense." In *Intercontinental Indus. Inc. v. American Stock Exch.,* 452 F.2d 935, 941 (5th Cir. 1971), Judge Roney discusses the requirement notice in an administrative proceedings. He holds in the cited case that where a notice is not misleading and apprises the party of issues in controversy, the requirements of due process of law are met. My conclusion is that any notice of requirements was fully met by the Commissioner of Customs not only in the first instance but also throughout this proceeding. It thus appears in this case that the plaintiffs have presented their contentions to the Bureau, and the Secretary of the Treasury in his discretion has refused further remission or mitigation. With respect to the statutes here involved, their enforcement is not by arrest or the issuance of warrants based on probable cause and the like. The penalties imposed by Congress are based on the mere fact that the cargo was aboard the vessel unmanifested and if a drug such as marijuana, then the penalty is set. All that is required is the forfeiture of the goods and the imposition of penalty by notice. The sole discretion to act on remission or mitigation under Section 1618 lies in the Secretary of the Treasury.

■ Counsel in this case both for plaintiffs and the Government have literally filed a host of decisions on the issues involved. In the first place, this Court favors and accepts the proposition stated in *United States v. One 1961 Cadillac,* 337 F.2d 730 (6th Cir. 1964), "that the Administrative Procedure Act affords no remedy by way of review of denial of petition for remission or mitigation of forfeiture . . . ." Judge

Weick's language at p. 733 is the usual statement on this question:

"(4) The purpose of the remission statutes was to grant executive power to relieve against the harshness of forfeitures. The exercise of the power, however, was committed to the discretion of the executive so that he could temper justice with mercy or leniency. Remitting the forfeiture, however, constituted an act of grace. The courts have not been granted jurisdiction to control the action of the executive, even where it is alleged, as here, in general conclusory language, that discretion has been abused."

It is noticed that the liberality with which great Justices such as Mr. Justice Douglas and Mr. Justice Brennan in writing on constitutional issues uphold the power of Congress to assess penalties of forfeiture in contraband cases. Notably *Ewing v. Mytinger & Casselberry,* 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950) and *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 653, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), review the requirements and permit forfeiture with no review by the District Courts.

▮ As counsel for the Government say in their brief, action on petitions for remission or mitigation are within the sole discretion of the executive. In the instant case, plaintiffs might have done nothing and defended any action by the Government to collect the penalty which was first imposed. Had that occurred, a full dress hearing and trial would have taken place under 28 U.S.C.A. § 1355 in the District Court. But the election of the plaintiffs was otherwise. They passed up a chance to oppose the findings of the Bureau of Customs, and they sought executive clemency. In my view the payment of the penalty as reduced terminates this proceeding.

For the reasons mentioned, plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment is granted, and the Clerk will enter a judgment for the defendant, The United States of America.